**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CLIVENS CELESTIN,

                              Plaintiff,

- v -                                       Civ. No. 9:12-CV-301
                                                      (RFT)

JEFFREY PREMO; STANLEY TULIP; BRUCE TRUAX;
DAVID ROCK; BRIAN FISCHER; J. CARVER

                              Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

This matter is slated for trial to commence on August 31, 2015. The Defendants filed a Motion branded as a Motion in *Limine* when, in fact, it is a Motion seeking to impeach Celestin with his felony convictions. Dkt. No. 91, Defs. Mot., & Mem. of Law, dated Aug. 7, 2015. Celestin opposes the Defendants' Application. Dkt. No. 106, Pl.'s Mem. of Law in Opp'n, dated Aug. 14, 2015. The Defendants' effort to impeach Celestin was also discussed during a telephonic Hearing held on August 25, 2015. Further, anticipating that Celestin my attempt to impeach Defendant Premo with his 2012 conviction, Defendants seek to limit Celestin's endeavors to do so. Dkt. No. 111, Defs.' Lt.-Br., dated Aug. 25, 2015. Celestin opposes this belated request by Defendants. Dkt. No. 112, Pl.'s Lt.-Br., dated Aug. 25, 2015. Because there are a number of related issues, the Court will address the issues *seriatim,* as they were presented to the Court. The Court starts with Celestin's convictions.

Based upon the scant information provided to the Court, it appears that Celestin has a host of convictions. On July 12, 1994, Celestin was convicted of Murder in the Second Degree, Attempted Murder in the Second Degree, Criminal Possession of a Weapon in the Second Degree, and Assault in the Second Degree. Additionally, the sentencing court revoked his previous sentence of probation and re-sentenced Celestin for his previous convictions of Robbery in the First Degree (two counts), Robbery in the Second Degree, Grand Larceny in the Fourth Degree (two counts), Criminal Possession of a Weapon in the Fourth Degree, and Criminal Possession of Stolen Property in the Fifth Degree. *People v. Celestin*, 231 A.D.2d 736 (N.Y. App. Div. 2d Dep't 1996), *leave to appeal denied* 89 N.Y.2d 90 (1996). Other than informing the Court that Celestin was sentenced to 37 ½ years to life, neither party provided the underlying facts of these convictions that Defendants wish to explore.

Pursuant to FED. R. EVID. 609(a)(1), a party may introduce evidence of a felony conviction for the purpose of attacking the credibility of that witness, subject to a Rule 403 analysis as to whether the probative value for the introduction of such evidence is substantially outweighed by its prejudicial effect. Rule 609(a)(1) is limited, however, by Rule 609(b), wherein the use of prior convictions for the purpose of attacking the credibility of a witness is prohibited when the convictions or the witness's release from confinement are more than ten years old, "unless the court

determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." *Sams v. Warden, New York City House of Detention*, 507 F. Supp. 141, 143 (S.D.N.Y. 1981); FED. R. EVID. 609(b)(1). Whereas, Rule 609(a)(2) allows introduction of any criminal conviction, without limitation, if it involved dishonesty or false statement.

At the outset, this Court finds that Murder in the Second Degree, Attempted Murder in the Second Degree, Assault in the Second Degree, and Criminal Possession of a Weapon are crimes of violence with little if any bearing upon credibility. Further, the Court is not aware of any precedent that does not share the Court's view. As a general rule of thumb, crimes of violence and assaultive behavior have limited probative value concerning a witness's credibility. *United States v. Estrada*, 430 F.3d 606, 618 (2d Cir. 2005) (citations omitted). Meanwhile, courts within this Circuit have different perspectives as to whether the crime of robbery is considered to be a crime that involves dishonesty or false statement. *Fletcher v. City of New York*, 54 F. Supp. 2d 328, 332 (S.D.N.Y. 1999) (citing various cases throughout the circuits for the proposition that robbery is not *per se* a crime involving dishonesty); *c.f. Crenshaw v. Herbert*, 409 F. App'x 428 (2d Cir. 2011) (noting that Crenshaw's prior robbery conviction was "probative of his veracity") (unpublished opinion). Although not

considered *per se* a crime involving *crimen falsi*, larceny convictions may have greater impeachment value and generally should be admitted unless significantly prejudicial. *United States v. Estrada*, 430 F.3d at 618-19. But there are gradations of larceny and all larcenies are not the same. Some larcenies occur out of impulsive violent acts while others may be more deliberative and calculating. Those tending to be deliberative and stealth have a greater bearing on credibility. Which type of larceny may be introduced as impeachment depends upon the underlying facts that would establish it was premised upon dishonesty or a falsehood. *Mendez v. United States*, 379 F. Supp. 2d 589, 597 (S.D.N.Y. 2005).

Here, if any of Celestin's criminal convictions merit being introduced for impeachment purposes, it would be *via* Rules 609(a)(1) and 609(b), as further limited by Rule 403, and not Rule 609(a)(2). When conducting the balancing analysis under Rule 403, the Court should consider a number of other factors including "the nature, age, and severity of the crime and its relevance to the witness's credibility, the importance of credibility as an issue in the case, the availability of other means to impeach the witness, and whether the witness has 'mended his ways' or engaged in similar conduct recently." *Daniels* v. Loizzo, 986 F. Supp 245, 252 (S.D.N.Y. 1997) (citing *United States v. Mahler*, 579 F.2d 730, 735 (2d Cir. 1978) & *Sango v. City of New York*, 1989 WL 86995, at *18 (E.D.N.Y. Jul. 25, 1989)). Other Courts, when

balancing the probative value against prejudicial effect as required by Rule 403, have resorted to another set of factors such as "(1) the impeachment value of the crime, (2) remoteness of the prior conviction, (3) the similarity between the past crimes and the conduct at issue, and (4) the importance of the credibility of the witness." *Piccciano v. McLoughlin*, 2010 WL 4366999, at *4 (N.D.N.Y. Oct. 28, 2010) (quoting *Brundidge v. City of Buffalo*, 79 F. Supp. 2d 219, 226 (W.D.N.Y. 1999)).

Determining whether a conviction can be used to impeach a witness is lodged squarely within the independent discretion of the trial court. The Court finds that in determining the existence and extent of Celestin's deceit, fraud, premeditation, planning, or preparation as having a strongly bearing on veracity, the Rule 403 balancing analysis has been rendered complicated by the paucity of the facts relative to Celestin's convictions. As mentioned above, the nature of the crimes of Murder, Criminal Possession of a Weapon, Assault, and Robbery do not typically weigh heavily on the matter of truthfulness, as opposed to ruthlessness, and thus have limited insight into credibility. Without greater perception of the underlying facts, the Court cannot judge the probative value of such impeachment. Rather, the disclosure of these convictions portend great prejudice for Celestin in the prosecution of his claims. In fact, the exposure of the nature of these vicious crimes invite visceral prejudice, and this Court discounts the proposition that being the jury is aware of Celestin's

-5-

incarceration somehow would ameliorate the gravity of the prejudice that will result from any impeachment of these crimes of violence.

Given that prejudice is highly likely to abound should the requested impeachment be permitted, the next inquiry should be whether the danger of undue prejudice substantially outweighs any identifiable probative value. This Court thinks so. Again, other than the power of impeachment by presenting to the jury that Celestin has a propensity to engage in very serious crimes of violence, there is no ostensible and identifiable probative value. Remoteness of these crimes may be an additional factor to be considered. Celestin was convicted of crimes committed prior to 1994, which makes these convictions more than ten years old, though the Court understands that the time element can be extended by his lengthy period of confinement. FED. R. EVID. 609(b). "The Second Circuit has recognized that Congress intended that convictions more than ten years old be admitted 'very rarely and only in exceptional circumstances." *Daniels v. Loizzo*, 986 F. Supp. at 245 (quoting in part, *Zinman v. Black & Decker, Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) & *United States v. Mahler*, 579 F.2d 730, 736 (2d Cir. 1978) (stating that Congress believed that convictions more than ten years old have very little or no probative value)). The Court acknowledges that there may be remarkably different versions as to what may have happened or transpired between the parties, or not, and that

credibility may serve as a important fulcrum in judging which version is more likely true. Yet, the Court is more concerned that allowing impeachment of a party with crimes that have little to no bearing on truthfulness will be more deleterious to the truth-seeking function of the fact finders than a benefit. Thus, the Court finds the prejudicial effect of revealing that Celestin has been convicted of Murder in the Second Degree, Attempted Murder in the Second Degree, Criminal Possession of a Weapon (three counts), Assault in the Second Degree, and Robbery in the First and Second Degree substantially outweigh any probative value, and, accordingly the Court precludes mentioning these convictions and their underlying facts for impeachment purposes.

However, the gravity of the above finding does not extend to Celestin's convictions of Grand Larceny and Criminal Possession of Stolen Property. Although the Court is hampered to objectively determine whether, factually, there are elements of deceit and untruthfulness as to these convictions, nonetheless, there still is a presumption that these elements are ever present. In the contest over credibility, the Court does not want Celestin to conclude that he has escaped any challenge to his veracity based upon his prior criminal history because the Court has limited the scope of impeachment. Therefore, on balance, the Court grants Defendants permission to ask Celestin if he has been convicted of nine felonies in 1994. If he denies such

convictions, the Court may re-consider and allow the Defendants to identify the nature of the convictions without exploring the underlying facts and circumstances. Additionally, the Defendants may ask Celestin if he has been convicted of Grand Larceny and Criminal Possession of Stolen Property, again, without examining him on the underlying facts and circumstances. The Court finds exposing these two specific felonies will help the jury measure the extent of his veracity.[1]

The Court now turns to the possible impeachment of Defendant Premo who was convicted of the misdemeanor of Making a False Report in violation of New York's Penal Law § 240.50. Defendants argue that if the Court permits Celestin to name the crime of Defendant Premo, which involves dishonesty, they should be permitted to name Celestin's crimes as well: "In sum, what is fair for one side, should be fair for the other side." Dkt. No. 111. However, the Court agrees with Celestin that Defendants' request conflates "apples with oranges." Dkt. No. 112. While Celestin's convictions are considered under Rule 609(a)(1), Defendant Premo's conviction falls within the prescription found in Rule 609(a)(2). "For any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting

---

[1] Defendants also seek to impeach Celestin with his 2002 conviction of Aggravated Harassment of an Employee. During the Hearing, Defendants raised another argument regarding using this conviction during their cross examination of Celestin. Because of this additional argument, the Court will address Defendants' request in a separate decision and order.

– a dishonest act or false statement." FED. R. EVID. 609(a)(2). Crimes of perjury, subornation of perjury, false statements, fraud, embezzlement, false pretense, or any other offense in the nature of *crimen falsi* where the commission of the crime involves some element of deceit or untruthfulness fall within this rubric. *Daniels v. Loizzo*, 986 F. Supp. at 249 (citing *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)). Here, it is irrefutable that filing a false report falls with the nature of *crimen falsi* and its elements include deceit and untruthfulness. Arguing that the Court should exercise the same yardstick analysis for both Celestin's and Premo's convictions is belied by these specific rules of evidence. However, in exercising the Court's discretion as to how this information may be admitted, Celestin will be allowed to ask Premo if he was convicted of making a false statement, but not as to the underlying facts. Should this query be asked and Premo answers in the negative, the Court may revisit the scope of this ruling.

Accordingly, the Defendants' Motion in Limine, Dkt. No. 91, **GRANTED IN PART**, consistent with the above mentioned directives, and, Defendants' Motion *in Limine*, Dkt. No. 111, is **DENIED**, consistent with the above mentioned directives.

**IT IS SO ORDERED**.

August 27, 2015
Albany, New York

---
Randolph F. Treece
U.S. Magistrate Judge