**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
CLIVENS CELESTIN,

                          Plaintiff,

- v -                                        Civ. No. 9:12-CV-301
                                                                  (RFT)

JEFFREY PREMO; STANLEY TULIP; BRUCE TRUAX;
DAVID ROCK; BRIAN FISCHER; J. CARVER

                          Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

The Defendants have filed a Motion seeking to impeach Celestin with his previous convictions. Dkt. No. 91, Defs.' Mot., dated Aug. 7, 2015. Among Celestin's many convictions, Defendants seek to interrogate him about his March 18, 2002 plea to the felony of Aggravated Harassment of an Employee, in which he received an indeterminate sentence of 1 ½ to 3 years to run consecutively to his prior sentence. *Id*. at p. 4. It appears that the underlying facts for this conviction entail Celestin throwing urine and feces at a correction officer while he was imprisoned at Southport Correctional Facility. Dkt. No. 111, Defs.' Lt-Br., dated Aug. 25, 2015, at p. 1. Celestin opposes Defendants' Motion to use his criminal convictions, including Aggravated Harassment of an Employee. Dkt. No. 106, Pl.'s Mem. of Law in Opp'n, dated Aug. 14, 2015.

The Court issued a Decision and Order which addresses Defendants'

Application to use Celestin's convictions to impeach him at trial. Dkt. No. __, Dec. & Order, Aug. 27, 2015. Purposely excluded from the Court's analysis is Celestin's 2002 conviction of Aggravated Harassment of an Employee because of additional and ancillary arguments raised by the Defendants. On August 25, 2015, during a telephonic Hearing, Defendants argued that during the videotaped deposition of Defendant Truax, Celestin's Counsel pursued a line of questioning that they contend "opened the door" on this very subject matter, and for this reason as well, Defendants should be allowed to use this conviction in their cross examination of Celestin. In further support of their position, Defendants filed a Letter-Brief and the deposition transcript of Defendant Truax. Dkt. No. 111.

During the Hearing, Celestin's Counsel posited that he did not open the door regarding Celestin's conduct in 2002, but rather was asking wholesale questions as to how Truax would respond to vile acts perpetrated against him while he served as a correction officer. Although the Court initially agreed with Defendants that Celestin's Counsel may have opened the door, the Court retreated from that assertion and reserved on the issue for further analysis.

Without reiterating the Court's previous recitation of the law and analysis on FED. R. EVID 609(a)(1) and (2) as it may pertain to Celestin's multiple convictions, the Court concludes that throwing feces and urine is not a crime involving *crimen falsi*

and has no probative value as to the witness's credibility. Aggravated Harassment, in the context of these facts, is more aligned with those crimes of violence and assaultive behavior that have limited probative value concerning a witness's veracity. *United States v. Estrada*, 430 F.3d 606, 618 (2d Cir. 2005) (citation omitted). For this reason, Defendants' request to use this conviction to impeach Celestin is denied.

Turning to whether, Celestin's Counsel unwittingly "opened the door" on the topic of this conviction and the underlying facts, the following testimonial colloquy is relevant:

> Q: You get angry when an inmate disrespects you, don't you?
> A: **No**.
> Q: You get angry when an inmate throws feces at you?
> A: **No**.
> Q: You get angry when an inmate throws urine at you?
> A: **No**.
> Q: Do you get angry when an inmate refuses to follow the rules?
> A: **No**.

Dkt. No. 111-1, Def. Truax, Dep., dated Aug. 13, 2015, at pp. 25-26.

Now, admittedly certain elements of the interrogation may tangentially or coincidentally reflect similar acts of which Celestin was convicted of in 2002, but the Court is not certain that Counsel opened the door to introducing Celestin's conviction. Ostensibly, Counsel treaded precariously close to the vile acts committed by Celestin in 2002 . Yet, it appears that the inquiries were generic enough to only elicit Defendants' response to similar events. Had Counsel interjected Celestin's previous

and specific conduct in throwing feces and urine, the outcome would be much different. On the Court's review of the full deposition transcript and these specific inquiries, the Court finds that Celestin's Counsel did not open the door for a full exploration of the conviction and the underlying facts of Celestin's 2002 conviction for Aggravated Harassment of an Employee.

Accordingly, for the above reasons, Defendants' Motion to impeach Celestin with his conviction of Aggravated Harassment, Dkt. No. 91, is **DENIED**.

**IT IS SO ORDERED**.

August 27, 2015
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge